-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KATHERINE A. MCMANUS,

        Plaintiff,

    -v-                                06-CV-0117S
                                                **ORDER**

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

---

On March 14, 2006, the Court entered an order dismissing (Docket No. 3) plaintiff's social security appeal on the ground that it was not filed within 60 days after plaintiff's receipt of written notice from the Social Security Administration of denial of her claim for benefits or within such extended time as granted by the Commissioner of Social Security Administration. See 42 U.S.C. § 405(g). Plaintiff, as directed in the Court's form complaint for filing a social security appeal, attached a copy of the written notification from the Social Security Administration advising her that the Appeals Council had denied her appeal of the Administrative Law Judge's determination on December 5, 2005. (Docket No. 1). The complaint was filed on February 27, 2006, more than three weeks beyond the 60-day limitation period.

On March 20, 2006, an attorney acting on behalf of the plaintiff, who is appearing *pro se*, sent to the Court via fascimile a copy of a letter from the Social Security Administration, dated February 15 and 20, 2006, noting that plaintiff had filed a request for an extension of time to file a social security appeal in this Court and that said request had

been granted. Plaintiff was granted an additional 30 days from her receipt of the letter to file a social security appeal (civil action) in this Court. (Docket No. 4).

Based on the Court's receipt of the letter, it is clear that plaintiff filed her complaint in a timely fashion on February 27, 2006, regardless of whether you count the additional 30 days from either of the two dates stamped on the extension letter received from the Social Security Administration. Accordingly,

IT IS HEREBY ORDERED that the Court vacates the Order, entered March 14, 2006, and directs the Clerk of the Court to re-open this case;[1]

FURTHER, that, pursuant to the Court's previous granting of plaintiff's application to proceed *in forma pauperis* (Docket No. 3), the Clerk of the Court is directed to cause the United States Marshal to serve copies of the Summons, Complaint, and this Order upon the named defendant without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor.

**SO ORDERED.**

S/ Michael A. Telesca

MICHAEL A. TELESCA
United States District Judge

Dated:   April 5, 2006
         Rochester, New York

---

[1] Fort Knox Music Inc. v. Baptiste, 257 F.3d 108, 111 (2d Cir.2001) ("[w]hile normally ... relief [from a judgment] is sought by motion of a party, nothing forbids the court to grant such relief sua sponte.")

2