UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KATHERINE A. McMANUS,

                              Plaintiff,

      v.                                                **DECISION AND ORDER**
                                                                      06-CV-117

JOANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

       1.       Plaintiff Katherine McManus challenges an Administrative Law Judge's ("ALJ") determination that she is not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges that she became disabled on January 1, 1994, due to alopecia universalis, fibromylgia, endometriosis, and depression and anxiety. Plaintiff contends that her physical and mental impairments render her unable to work. She therefore asserts that she is entitled to payment of benefits under the Act.

       2.       Plaintiff filed her application for disability insurance benefits on July 23, 2004. Her application was denied initially on September 16, 2004. Plaintiff filed a request for a hearing on November 8, 2004. By letter dated May 6, 2005, Plaintiff requested that her alleged disability date be revised from January 1, 1995 to January 1, 1994. This was accepted by the ALJ. Pursuant to Plaintiff's request, a hearing was held before the ALJ on May 9, 2005. The ALJ considered Plaintiff's case *de novo*, and on August 23, 2005, issued a decision denying Plaintiff's application for benefits. On December 5, 2005, the Appeals Council denied Plaintiff's request for review. Plaintiff filed the present civil action

on February 27, 2006, challenging Defendant's final decision.[1]

3.      On November 16, 2006, Defendant filed a Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Plaintiff filed opposition to Defendant's motion on November 24, 2006, to which Defendant filed a reply on December 29, 2006, and Plaintiff once again filed opposition on January 11, 2007. This Court took the motion under advisement without oral argument. For the reasons stated below, Defendant's motion is granted.

4.      A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health and Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is evidence that amounts to "more than a mere scintilla." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). The term substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

5.      "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen,

---

[1] The ALJ's August 23, 2005 decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support Plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health and Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

      6.     The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Act. See 20 C.F.R. §§ 404.1520, 416.920. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

      7.     This five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

8. While the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step of this inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

9. In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since the alleged onset of her disability (R. at 27);[2] and (2) Plaintiff's impairments do not qualify as "severe" within the meaning of the Act. (R. at 28). The ALJ need not proceed any further under the five-part test as step three is contingent on the finding that Plaintiff's impairment is severe within the meaning of the Act. The ALJ went further, however, and made a subsequent finding that Plaintiff's impairments do not meet the criteria necessary for finding that Plaintiff was even disabled prior to March 31, 1995. (R. at 27-28).

10. In opposition to Defendant's motion, and as a challenge to the ALJ's decision, Plaintiff raises three points. First, she argues that the ALJ improperly refused to

---

[2] Citations to the underlying administrative record are designated as "R."

allow testimony prior to 1995, and in doing so prevented her from fully developing her case showing that an auto immune deficiency caused the alopecia universalis. Second, she argues that the ALJ improperly failed to allow testimony of traumatic incidents prior to 1995 that led to the onset of the alopecia universalis. Finally, Plaintiff argues that there is prejudicial error in the record which states that an attorney represented her, when in reality it was a non-attorney advocate that represented her. (Plaintiff's Response to Government Motion filed November 24, 2006).

11. While this Court need only determine that the ALJ's decision is supported by substantial evidence, Plaintiff's arguments will be examined in turn, in the interest of addressing Plaintiff's concerns.

12. According to 20 C.F.R. § 404.1512(d), the Social Security Administration is responsible for developing the complete medical history of the applicant for at least the 12 months preceding the month in which the applicant files their application, unless there is reason to believe that development of an earlier period is necessary. 20 C.F.R. § 404.1512(d). As previously noted, Plaintiff's application was filed on July 23, 2004, and alleged a disability onset date of January 1, 1995, which was subsequently amended to January 1, 1994. (R. at 21). The ALJ noted in his decision that there was simply no evidence from the time period prior to March 31, 1995 (Plaintiff's last day of eligibility for social security benefits) that shows that Plaintiff was disabled. (R. at 26). Even if the ALJ had improperly failed to consider the documents and statements that Plaintiff now sets forth, those documents fail to establish that Plaintiff was in fact disabled as of March 31, 1995.

13. Plaintiff alleges that several documents indicate that she was disabled prior

to March 31, 1995.  Plaintiff asserts in her reply of August 7, 2006 that the medical records of Dr. Arthur Papier, dated February 23, 1995 and March 23, 1995, indicate that she has a disabling condition.  However, this Court can find no statement made in these medical records that indicates that Plaintiff is disabled and Plaintiff has failed to indicate how these records demonstrate that she was suffering from a disabling condition as of March 31, 1995.  Further, Plaintiff relies on a Psychological Evaluation by Dr. Anthony Raccinello dated November 19, 1999.  A plain reading of that medical record shows that it was the medical opinion of Dr. Raccinello that Plaintiff was *not disabled* and was able to work.  (R. at 216-18).  The remaining documents to which Plaintiff cites establish that she was suffering from hair loss and sinus problems.  These records in no way indicate that she was disabled and unable to work within the meaning of the Act prior to March 31, 1995.

14. Further, Plaintiff asserts that the ALJ did not take into account testimony made by both the Plaintiff and her sister about Plaintiff's hair loss prior to March 31, 1995.  This testimony, however, as the ALJ noted, is not enough to establish disability without some other mental or physical health condition and medical records indicating the presence of such condition.  See Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) ("If the claimant suffers such an impairment, the third inquiry is whether, *based solely on medical evidence*, the claimant has an impairment which is listed in Appendix 1 of the regulations"); see also Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984) (Claimant has burden of proof as to the first four steps).  As the Defendant correctly pointed out, the ALJ also took note of certain health concerns, namely sinus related problems from Plaintiff's childhood, however, the ALJ concluded that none of these conditions establish that Plaintiff was in fact disabled prior to March 31, 1995.

15. Because Plaintiff has failed to identify any pre-1995 records indicating that she was disabled, her contention that the ALJ erred in failing to consider these records is without merit. Finally, while the ALJ does incorrectly address Plaintiff's representative as an attorney in one instance, this Court finds that the error was harmless and does not subject Plaintiff to any prejudice.

16. After carefully examining the administrative record, this Court finds that substantial evidence supports the ALJ's decision in this case. Specifically, the medical evidence and opinions contained in the record, in conjunction with Plaintiff's testimony, support the ALJ's determination. This Court finds no reversible error in the ALJ's overall weighing of the evidence or in his credibility determination, and finds that substantial evidence of record supports his decision. Accordingly, Defendant's Motion for Judgment on the Pleadings is granted.

IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 3) is GRANTED.

FURTHER, that the Clerk of the Court is directed to take the necessary steps to close this case.

SO ORDERED.

Dated: August 9, 2007
       Buffalo, New York

                                           /s/William M. Skretny
                                           WILLIAM M. SKRETNY
                                           United States District Judge